UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 9:13-cv-80526-JIC

ROBERT TOBACK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

GNC HOLDINGS, INC., GNC CORPORATION, GENERAL NUTRITION CORPORATION and GENERAL NUTRITION CENTERS, INC.,

    Defendants.

## RULE 26(f) CONFERENCE AND JOINT SCHEDULING REPORT

Plaintiff Robert Toback ("Plaintiff") and Defendants GNC Holdings, Inc., GNC Corporation, General Nutrition Corporation and General Nutrition Centers, Inc. ("GNC"), hereby submit the within Rule 26(f) Conference and Joint Scheduling Report pursuant to the Court's Order of June 19, 2013.

On August 1, 2013, counsel for the parties conferred to consider and discuss matters required by Federal Rules of Civil Procedure 16(b)-(c) and 26(f) and Local Rule 16.1(B).

**I.     Joint Scheduling Report**

    A.     <u>The Likelihood of Settlement</u>:  Pursuant to Local Rule 16.1(B)(2)(a), the parties believe that a prompt settlement is unlikely.

    B.     <u>The Likelihood of Appearance of Additional Parties</u>:  The parties do not believe it is likely that additional parties will appear or be joined.

    C.    <u>Proposed Limits on the Time</u>:

        1.    To join other parties and to amend the pleadings without leave of court: **September 30, 2013**

        2.    To complete discovery:  **January 24, 2014**

        3.    To file and hear dispositive motions:  **February 27, 2014**

        4.    To file motions for class certification: **February 27, 2014**

    D.    <u>Proposals for the Simplification of Issues</u>:  The parties do not have any proposals for the formulation or simplification of the issues at this time.

    E.    <u>Necessity of Amendment to the Pleadings</u>:  The parties believe that amendments to the pleadings are not necessary at this time.  The parties reserve the right to seek leave to amend when appropriate in compliance with the Federal Rules of Civil Procedure.

    F.    <u>Admissibility of Evidence and Production of Documents</u>:  The parties agree to work in good faith to agree upon admissions of fact and as to the admissibility and authenticity of documents when appropriate.

Each party may produce information from electronic or computer based media limited to data reasonably available to the parties in the ordinary course of business.  Reasonable measures will be taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.  Should either party inadvertently produce privileged information, that information shall be immediately returned to the producing party, and the privileges shall not be considered waived.

  G. <u>Avoidance of Duplicative or Unnecessary Evidence</u>:  The parties agree to work in good faith to agree upon stipulations of fact and as to the admissibility and authenticity of documents when appropriate.

  H. <u>Magistrate Judge</u>:  The parties propose that all discovery disputes be resolved before a Magistrate Judge.  The parties do not currently see the need for a discovery master.  The parties do not agree that this case be tried before a Magistrate Judge, and all pretrial evidentiary motions (including, but not limited to, all motions *in limine*) shall be decided by a District Judge.

  I. <u>Preliminary Trial Estimate</u>:  The parties disagree on the estimated length of time for trial.  Plaintiff believes that the time required for trial will be ten (10) days regardless of whether this action is certified as a class action.  GNC disagrees.  GNC believes that the length of trial will depend on whether the case is certified as a class action, as a class action will necessarily involve extensive testimony on damages and potential other expert testimony, including potential testimony on value or pricing of products.  Accordingly, GNC estimates that if the case proceeds on an individual basis, the estimate time required for trial is six (6) days.  If the case proceeds on a class basis, GNC estimates a trial of ten (10) days.

  J. <u>Requested Dates for Conferences</u> :  The parties request that this Court set the following pretrial conferences:

   1. Initial Pretrial Conference (if any):  **<u>N/A</u>**.

   2. Final Pretrial Conference:  **<u>A date in April 2014 to be selected by the Court</u>**.  The parties propose that all pending pretrial motions be decided at this Final Pretrial Conference.

   3. Commencement of Trial:  **<u>Two week trial term commencing May 5, 2014</u>**

3

    K.    <u>Other Information</u>:  The parties have no other information at this time.

**II.    Discovery Plan**

    A.    <u>Changes to Time, Form or Requirement for Disclosures Under Rule 26(a)</u>:

The parties agree that no changes should be made in the form or requirements for Rule 26(a) disclosures.  The parties agree to exchange Rule 26(a) disclosures on or before September 6, 2013.

    B.    <u>Subjects on Which Discovery May Be Needed; When Discovery Should Be Completed and Whether Discovery Should be Conducted in Phases or Limited to or Focused on Particular Issues</u>:

The parties believe that discovery shall be needed with respect to all matters raised in Plaintiff's Complaint and any defenses that may be asserted by GNC.  Discovery is also needed regarding Plaintiff's class allegations.

    C.    <u>Any Issues about Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced</u>:

The parties have discussed electronically stored information.  At this time, the parties believe the only electronically stored information will be GNC's sales records related to the products at issue in the lawsuit.  The parties have discussed the production of the necessary sales records in Excel format by GNC.  The parties do not anticipate any issues with respect to the costs of producing these records.

D. <u>Any Issues about Claims of Privilege or of Protection as Trial Preparation Materials, Including – if the parties Agree on a Procedure to Assert These Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order</u>:

At this point, the parties do not believe that the claims will implicate the potential production of privileged materials. The parties agree that if a party inadvertently discloses privileged or trial preparation material to the other, it shall promptly notify the receiving party of such inadvertent disclosure. After the receiving party is so notified, it must return, sequester or destroy all information until the claim of privilege or protection is resolved. The parties agree to a "clawback" agreement whereby materials that are produced without the intent to waive privilege or protection are not deemed waived and are to be returned to the producing party, so long as the producing party identifies the documents inadvertently produced in a timely manner.

E. <u>What Changes Should Be Made in the Limitations on Discovery Imposed under the Rules or Local Rules and What Other Limitations Should be Imposed</u>:

The parties agree that no changes in the limitations on discovery or any other limitations should be imposed at this time. It is possible that, as the matter progresses, the parties may seek a modification or limitation of discovery under Rule 30 and Rule 33 of the Federal Rules of Civil Procedure.

F. <u>Any Other Orders that the Court Should Issue Under Rule 26(c) or Rule 16(b) or (c)</u>:

At this time, the parties do not anticipate the need for any further orders under these Rules.

Dated: August 5, 2013

| | |
|---|---|
| */s/ Robert R. Berg (with permission)* | */s/ Sara F. Holladay-Tobias* |
| Jeffrey I. Carton | Sara F. Holladay-Tobias (Fla. Bar No. 026225) |
| jcarton@denleacarton.com | sfhollad@mcguirewoods.com |
| *(Admitted Pro Hac Vice)* | **McGuireWoods LLP** |
| Robert J. Berg | 50 North Laura Street, Suite 3300 |
| rberg@denleacarton.com | Jacksonville, FL  32202 |
| *(Admitted Pro Hac Vice)* | Telephone: (904) 798-3200 |
| **Denlea & Carton LLP** | Facsimile: (904) 798-3207 |
| One North Broadway, Suite 509 | |
| White Plains, NY  10601 | Gordon W. Schmidt |
| Telephone: (914) 920-7400 | gschmidt@mcguirewoods.com |
| Facsimile: (914) 761-1900 | *(Admitted Pro Hac Vice)* |
| | Kevin S. Batik |
| Kevin B. Love (Fla. Bar No. 993948) | kbatik@mcguirewoods.com |
| klove@cridenlove.com | *(Admitted Pro Hac Vice)* |
| **Criden & Love, P.A.** | **McGuireWoods LLP** |
| 7301 SW 57th Court, Suite 515 | 625 Liberty Avenue, 23rd Floor |
| South Miami, FL  33143 | Pittsburgh, PA  15222 |
| Telephone: (305) 357-9000 | Telephone: (412) 667-6000 |
| Facsimile: (305) 357-9050 | Facsimile: (412) 667-6050 |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Sara F. Holladay-Tobias*
Sara F. Holladay-Tobias
