UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80526-CIV-COHN/SELTZER

ROBERT TOBACK, on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

GNC HOLDINGS, INC., GNC
CORPORATION, and GENERAL NUTRITION
CENTERS, INC.,

    Defendants.
_____/

## ORDER ON MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendants' Motion to Stay Discovery [DE 36] ("Motion to Stay"). The Court has considered the Motion to Stay, Plaintiff's Response [DE 38], and the record in this case, and is otherwise advised in the premises.

This class action arises from Defendants' alleged misrepresentations regarding the health benefits of their TriFlex line of products. See generally First Am. Class Action Compl. [DE 39] ("Complaint"). The action is one of a handful of lawsuits across the country alleging that Defendants' representations pertaining to the TriFlex products harmed consumers.[1] On August 8, 2013, the plaintiffs in some of these TriFlex Actions moved before the United States Judicial Panel on Multidistrict Litigation ("JPML") to

---

[1] The relevant such proceedings are: Calvert v. GNC Corp., No. 13-01697 (N.D. Ohio); Distefano-Presutti v. GNC Corp., No. 13-01100 (W.D. Pa.); Howard v. GNC Corp., No. 13-06490 (W.D.N.Y.); Lerma v. GNC Corp., No. 13-00933 (S.D. Cal.); Toback v. GNC Holdings, Inc., No. 13-80526 (S.D. Fla.) (collectively, the "TriFlex Actions").

consolidate the suits, including the instant case, in the Western District of Pennsylvania. See In re GNC Corp. TriFlex Prod. Litig., No. 2482 (J.P.M.L.) ("MDL No. 2482"), DE 1.

On August 21, 2013, the United States Court of Appeals for the Third Circuit issued its opinion in Carrera v. Bayer Corp., No. 12-2621, __ F.3d __, 2013 U.S. App. LEXIS 17479 (3d Cir. Aug. 21, 2013).  In Carrera, the Third Circuit addressed the showing necessary to satisfy the ascertainability requirement of Federal Rule of Civil Procedure 23.  Id. at *8-25.  On August 28, 2013, in light of what they considered to be negative precedent set by the Carrera opinion, the movants in MDL No. 2482 withdrew their motion to consolidate.  MDL No. 2482, DE 12.  On August 30, 2013, Defendants herein filed their own motion to consolidate the actions in the Western District of Pennsylvania.  In re Gen. Nutrition Corp. TriFlex Prod. Litig., No. 2491 (J.P.M.L.) ("MDL No. 2491"), DE 1.  A number of plaintiffs in the TriFlex actions, including Plaintiff herein, now oppose consolidation.  MDL No. 2491, DE 16-18.  Further, the plaintiffs in Distefano-Presutti, the only TriFlex Action filed in the Western District of Pennsylvania, voluntarily dismissed their action.  Distefano-Presutti v. GNC Corp., No. 13-01100 (W.D. Pa.), DE 10.  Defendants' motion to consolidate in MDL No. 2491 remains pending.

On September 4, 2013, Defendants filed the Motion to Stay in this action, seeking a stay until the JPML decides their motion to consolidate in MDL No. 2491.[2] Defendants argue that a stay will conserve judicial resources in the eventuality that

---

[2] Defendants nominally seek only a stay of discovery in this action.  DE 36 at 9. However, trial herein is set for the beginning of May 2014.  DE 24 at 1.  A stay of discovery in this action even for "four months or less," which is the time in which Defendants speculate they will receive a ruling on the consolidation motion in MDL No. 2491 (DE 36 at 7), therefore would effectively require a continuance of trial and pretrial deadlines to allow for full and fair litigation of this matter.  The Court thus views Defendants' Motion to Stay not only as a request to stay discovery, but also as a request to stay this action in its entirety pending a ruling by the JPML.

consolidation is granted, Plaintiff will not be prejudiced by a stay, and Defendants will suffer the hardship of the cost of duplicative litigation if no stay is granted. DE 36 at 5-9. Plaintiff disagrees, arguing that consolidation of the TriFlex Actions is uncertain and that Defendants' attempt to consolidate in the Western District of Pennsylvania is mere forum shopping. DE 38 at 4-6.

The Court has broad discretion to stay proceedings and otherwise manage its docket. Clinton v. Jones, 520 U.S. 681, 706 (1997). When considering a motion to stay a case while a motion to consolidate is pending before the JPML, the Court may consider: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). The Court may also consider whether it believes a consolidation order is likely. Manual for Complex Litigation § 22.35 (4th ed. 2004); Giles v. POM Wonderful LLC, No. 10-61684, 2010 U.S. Dist. LEXIS 122992, at *2 (S.D. Fla. Nov. 8, 2010).

The Court finds that a stay of this action is not warranted. That Defendants have not moved for a stay in any of the other pending TriFlex Actions, and have even moved to dismiss the Calvert action subsequent to filing the Motion to Stay herein (Calvert v. GNC Corp., No. 13-01697 (N.D. Ohio), DE 9), belies Defendants' argument that they seek to conserve resources by avoiding duplicative litigation. Moreover, none of the other TriFlex Actions involve the Florida laws under which Plaintiff asserts his claims, thus the Court is not persuaded that Defendants will be harmed by inconsistent rulings. Finally, it is unfair to Plaintiff to stay resolution of this case indefinitely when

consolidation is far from certain, given the small number of pending TriFlex Actions at issue, the absence of a pending TriFlex Action in the forum where Defendants seek to consolidate, and the opposition of the TriFlex Action plaintiffs to consolidation.  See MDL No. 2491, DE 16-18.  It is therefore

    **ORDERED AND ADJUDGED** that Defendants' Motion to Stay Discovery [DE 36] is **DENIED**.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of October, 2013.

                                                                                              *[signature]*
                                                                            JAMES I. COHN
                                                                            United States District Judge

Copies provided to:
Counsel of record via CM/ECF